30139

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NEAL BAYAA ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.    08 CV 408 |
| ) | |
| ) | Judge Shadur |
| v. ) | |
| ) | Magistrate Judge Valdez |
| ) | |
| MARTEN TRANSPORT, LTD., ) | |
| and ANDY BENNETT, ) | |
| ) | |
| Defendants. ) | |
| MARTEN TRANSPORT, LTD ). | |
| and ANDY BENNETT ) | |
| ) | |
| Third-Party Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| PATRICIA BAYAA ) | |
| ) | |
| Third-Party Defendant ) | |

### MARTEN TRANSPORT, LTD. and ANDY BENNETT'S THIRD-PARTY COMPLAINT AGAINST PATRICIA BAYAA

The defendants/third-party plaintiffs, MARTEN TRANSPORT, LTD. and ANDY BENNETT, by their attorneys, THE HUNT LAW GROUP, LLC, pleading in the alternative and without prejudice to their other pleadings, for its Third-Party Complaint against the third-party defendant, PATRICIA BAYAA, states as follows:

1.  The plaintiff, NEAL BAYAA, filed a Complaint at Law against Marten Transport, Ltd. and Andy Bennett claiming that he sustained injuries and damages as a result of an automobile accident that occurred on November 30, 2007 at or near 7300 S. Kedzie in the

30139/aip

City of Chicago, County of Cook and State of Illinois. (See Complaint attached hereto as Exhibit A.)

2. The defendants have denied and continue to deny all material allegations against them which are set forth in the plaintiff's Complaint. (See Answer to Plaintiff's Complaint attached hereto as Exhibit B.)

3. On or about November 30, 2008, and at all times relevant to plaintiff's complaint, plaintiff was a passenger in a vehicle operated by third-party defendant, PATRICIA BAYAA.

4. The third-party defendant, PATRICIA BAYAA, had a duty to exercise reasonable care in operating her vehicle and owed a duty to the plaintiff and others similarly situated to provide safe operation of her vehicle in order to prevent injuries from occurring during her operation of said vehicle.

5. On the aforesaid date, PATRICIA BAYAA, was then and there guilty of one or more of the following negligent acts and/or omissions:

    a. Negligently and carelessly failed to keep a safe and proper lookout;

    b. Negligently and carelessly failed to observe the traffic controls for her direction of travel as she approached the subject intersection;

    c. Negligently and carelessly failed to yield;

    d. Negligently and carelessly failed to maintain a proper distance from the defendants' vehicle;

    e. Negligently and carelessly sideswiped the defendants' vehicle; and

    f. Was otherwise careless and/or negligent

6. As a direct and proximate result of one or more of the aforesaid negligent acts

30139/aip

and/or omissions of the third-party defendant, PATRICIA BAYAA, the plaintiff alleges he sustained injuries and damages.

7. If the plaintiff prevails against defendants/third-party plaintiffs, MARTEN TRANSPORT, LTD. and ANDY BENNETT, then MARTEN TRANSPORT, LTD. and ANDY BENNETT are entitled to receive contribution from the third-party defendant, PATRICIA BAYAA, based on the percentage to which the liability of fault of PATRICIA BAYAA caused or contributed to cause the plaintiff's injuries or damages pursuant to the Illinois Contribution Among Joint Tortfeasors Act, 740 ILCS 100/.01 et seq.

WHEREFORE, the defendants/third-party plaintiffs, MARTEN TRANSPORT, LTD. and ANDY BENNETT, pray that if a judgment is entered against them and in favor of the plaintiff, then judgment should be entered in favor of MARTEN TRANSPORT, LTD. and ANDY BENNETT and against third-party defendant, PATRICIA BAYAA, for her pro rata share of such judgment to the maximum extent permitted by law, and for such further relief as this Honorable Court deems just and appropriate.

Respectfully submitted,

THE HUNT LAW GROUP, LLC

By: /s/ Brian J. Hunt
Brian J. Hunt
ID Number 6208397

Brian J. Hunt
Ajay I. Patel
THE HUNT LAW GROUP, LLC
Attorneys for Defendants/Third-Party Plaintiffs
225 W. Washington Street – 18th Floor
Chicago, Illinois 60606
(312) 384-2300

3