30139

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

NEAL BAYAA                        )
                                 )
    Plaintiff,               )
                                 )    No.    08 CV 408
                                 )
                                 )    Judge Shadur
    v.                       )
                                 )    Magistrate Judge Valdez
                                 )
MARTEN TRANSPORT, LTD.,          )
and ANDY BENNETT,                )
                                 )
    Defendants.              )

## MOTION TO COMPEL OUTSTANDING WRITTEN DISCOVERY

The defendants, by their attorneys, THE HUNT LAW GROUP, LLC, hereby moves this

Honorable Court, pursuant to Rules 26(d), 26(e), 26(f), 30, 33 and 34 of the Federal Rules of

Civil Procedure and Local Rule 37.2, to compel the Plaintiff, NEAL BAYAA, to answer the

outstanding written discovery within fourteen (14) days. In support of this motion, Defendant

states as follows:

    1.    On January 25, 2008, the Defendants served the plaintiff with: (1)

Interrogatories; and (2) Request for Production of Documents. (Copies of the interrogatories

and request for production of documents are attached hereto as Exhibit A.)

    2.    On February 25, 2008, the plaintiff provided the defendants with interrogatory

answers. (A copy of the plaintiff's interrogatory answers are attached hereto as Exhibit B.)

    3.    The interrogatory answers provided by the plaintiff were incomplete insofar as:

(1) the answers failed to name the plaintiff's current and/or past employers; (2) the answers

failed to denominate the amount of the plaintiff's claim for lost wages; (3) the answers failed

to comply with proper interrogatory format insofar as bald answers were provided rather than in proper interrogatory followed by answer format; and (4) the answers failed to contain a signed verification page by the plaintiff. (See Exhibit B.)

4.     In addition, the plaintiff – although referring to a production response in his interrogatory answers – failed to provide a response to defendants' request for production of documents.

5.     On February 29, 2008, defendants' counsel sent the plaintiff's counsel correspondence outlining the deficiencies in the plaintiff's written discovery responses and requesting the appropriate supplementation. (A copy of the February 29, 2008 correspondence is attached hereto as Exhibit C.)

6.     On the afternoon of March 6, 2008, defendants' counsel held a telephone conference with plaintiff's counsel, pursuant to Local Rule 37.2, to discuss discovery compliance. During that conversation, defendants' counsel spoke with plaintiff's counsel regarding the outstanding written discovery and agreed to allow another fourteen (14) days to March 20, 2008 for plaintiff to provide the supplementation requested in the February 29, 2008 correspondence. On March 11, 2008, defendants sent a letter confirming the same pursuant to Rules 26(d), (e), and (f) and Rule 30 of the Federal Rules of Civil Procedure (A copy of the letter is attached hereto as Exhibit D.)

7.     The plaintiff failed to provide the written discovery compliance by March 20, 2008 as had been agreed upon by the parties.

8.     On the morning of April 23, 2008, defendants' counsel attempted to have another telephone consultation with plaintiff's counsel regarding outstanding written discovery pursuant to Local Rule 37.2 but was unsuccessful. Defendants' counsel left a telephone

message with plaintiff's counsel at that time requesting that the plaintiff provide the outstanding written discovery and that plaintiff's counsel call back defendants' counsel to resolve the dispute.

9.    On April 25, 2008, plaintiff's counsel communicated with defendants' counsel via telephone voicemail assuring defendant's counsel that plaintiff would provide the outstanding written discovery on or before April 28, 2008.

10.    The plaintiff failed to provide defendants with outstanding written discovery on or before April 28, 2008.

11.    On the morning of May 1, 2008, defendants' counsel again attempted to conduct a telephone consultation with plaintiff's counsel regarding outstanding written discovery pursuant to Local Rule 37.2 but was unsuccessful.  At that time, defendants' counsel left a telephone message with plaintiff's attorney requesting that the plaintiff provide outstanding written discovery as previously agreed upon and requesting that plaintiff's counsel call back defendant's counsel to resolve the dispute.  Defendants' counsel sent correspondence to plaintiff's counsel confirming the attempted consultation on May 1, 2008.  (A copy of the correspondence is attached hereto as Exhibit E.)

12.    Plaintiff's counsel failed to respond to the May 1, 2008 voicemail message or confirming correspondence.

13.    On the morning of May 9, 2008, defendants' counsel again attempted to conduct a telephone consultation with plaintiff's counsel regarding outstanding written discovery pursuant to Local Rule 37.2 but was unsuccessful.  At that time, defendants' counsel left a telephone message with plaintiff's attorney requesting that the plaintiff provide outstanding written discovery as previously agreed upon and requesting that plaintiff's counsel

call back defendant's counsel to resolve the dispute. Defendants' counsel sent correspondence to plaintiff's counsel confirming the attempted consultation on May 9, 2008. (A copy of the correspondence is attached hereto as Exhibit F.)

14.    The defendants provided responses to all of the plaintiff's written discovery requests on May 9, 2008.

15.    To date, the plaintiff has failed to provide the outstanding written discovery requested by the defendants.

16.    The plaintiff has also failed to provide the defendants with initial disclosures of information pursuant to Federal Rule of Civil Procedure 26(a)(1).

17.    After consultation by telephone on the afternoon of March 6, 2008 and good faith attempts to resolve differences, the parties are unable to reach an accord.

18.    Moreover, attempts by defendants' counsel to engage in further consultation on April 23, 2008, May 1, 2008 and May 9, 2008 by calling plaintiff's counsel via telephone, leaving telephone messages, and sending correspondence confirming the attempts at consultation were unsuccessful due to no fault of defendants' counsel.

WHEREFORE, the defendants request that this Honorable Court compel the Plaintiff to (1) answer interrogatories in proper interrogatory format, including naming the plaintiff's current and/or past employers, denominating the amount of the plaintiff's claim for lost wages, and providing a signed verification; (2) respond to defendants' request for production of documents; and(3) provide disclosures pursuant to Rule 26(a)(1) within fourteen (14) days or for any such further relief that this Court deems just under the circumstances.

Respectfully submitted,

THE HUNT LAW GROUP, LLC


By:     /s/ Ajay I. Patel
        Ajay I. Patel
        ID Number 6287063


Brian J. Hunt (6208379)
Ajay I. Patel
THE HUNT LAW GROUP, LLC
Attorneys for Defendant
225 W. Washington, 18th Floor
Chicago, Illinois 60606
(312) 384-2300
(312) 443-9391 - fax

30139

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| NEAL BAYAA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.    08 CV 408 |
| | ) | |
| | ) | Judge Shadur |
| v. | ) | |
| | ) | Magistrate Judge Valdez |
| | ) | |
| MARTEN TRANSPORT, LTD., | ) | |
| and ANDY BENNETT, | ) | |
| | ) | |
| Defendants. | ) | |

## **EXHIBIT LIST**

1.    Exhibit A – Interrogatories to Plaintiff & Request for Production of Documents.

2.    Exhibit B – Answer to Interrogatories provided by Plaintiff.

3.    Exhibit C – Correspondence from Defendants' Counsel dated February 29, 2008.

4.    Exhibit D – Correspondence from Defendants' Counsel dated March 11, 2008.

5.    Exhibit E – Correspondence from Defendants' Counsel dated May 1, 2008.

6.    Exhibit F – Correspondence from Defendants' Counsel dated May 9, 2008.

# EXHIBIT A

30139

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| NEAL BAYAA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.    08 CV 408 |
| | ) | |
| | ) | (Cook County Circuit |
| v. | ) | Court Case 07 L 013613) |
| | ) | |
| | ) | |
| MARTEN TRANSPORT, LTD., | ) | |
| and ANDY BENNETT, | ) | |
| | ) | |
| Defendants. | ) | |

## INTERROGATORIES TO PLAINTIFF

Defendant MARTEN TRANSPORT, LTD., by its attorneys, THE HUNT LAW GROUP, LLC, request that the Plaintiff, NEAL BAYAA, in accordance with Federal Rule of Civil Procedure 33, provide under oath written answers to the following Interrogatories within thirty (30) days of the service hereof.

## INTERROGATORIES

1. State your full name, date of birth, address and social security number.

**ANSWER:**




2. Identify all persons who witnessed, or claim to have witnessed, the occurrence described in the complaint.

**ANSWER:**

3. Identify all persons who were present, or claim to have been present, at the scene of the occurrence described in the complaint immediately before the occurrence (approximately one hour), at the time of the occurrence, or immediately after the occurrence (approximately two hours).

**ANSWER:**

4. If you were the owner, lessor, lessee, possessor or occupant of a motor vehicle involved in the occurrence complained of in plaintiff's complaint, identify all individuals with a possessory interest in the vehicle, including but not limited to the driver and the owner or owners.

**ANSWER:**

5. If you were the owner, lessor, lessee, possessor or occupant of a motor vehicle involved in the occurrence complained of in plaintiff's complaint, fully disclose all information regarding any and all repairs or estimates for repair to said motor vehicle, including but not limited to the identity of any person or entity making repairs or estimates of repairs of any damage to said motor vehicle and the date and amount of any repairs or repair estimates on said vehicle.

**ANSWER:**

6. If you were the owner, lessor, lessee, possessor or occupant of a motor vehicle involved in the occurrence complained of in plaintiff's complaint, fully disclose all relevant information regarding any traffic or criminal violations of which the driver and/or owner of said vehicle was charged, including but not limited to the ordinance or statute that individual was charged with violating, the ticket number or case number, the court and the court hearing date, and that individual's plea to said charge and the date thereof.

**ANSWER:**

7. Identify each of your employers (including your present employer) in the last ten years and the dates of each employment.

**ANSWER:**

8. Identify each of your residence addresses in the last ten years and the dates during which you resided at each address.

**ANSWER:**

9. With respect to any injuries or other conditions of ill being which you claim to have sustained in or as a consequence of the occurrence complained of, fully disclose all information regarding each injury, including, but not limited to, the name of the injury or condition, the names and addresses of all health care providers (individual, corporation or institution) at or by which you have been treated or examined, the dates thereof and the amount of each bill for such treatment. If, in addition to the above, you have a report of any witness providing a medical opinion as to your condition, please provide a copy.

**ANSWER:**

10. If you are claiming a loss of income or business opportunity because of the occurrence complained of, fully disclose all information regarding said income loss or loss of business opportunity including, but not limited to, the name and address of your employer at the time that the income was lost, the dates on which you were unable to work, your rate of pay on the dates you were unable to work, the dollar amount of income or business opportunity you claim to have lost, and the exact details (what, when, and how) of each loss of business opportunity.

**ANSWER:**

3

11.  Had you suffered any personal injury or prolonged, serious and/or chronic illness prior to the date of the occurrence? If so, state when and how you were injured and/or ill, describe the injuries and/or illness suffered, and state the name and address of each physician, or other health care professional, hospital, and/or clinic rendering you treatment for each injury and/or chronic illness, and the dates that you were so treated.

**ANSWER:**

12.  If you have suffered either any personal injury or serious illness since the date of said occurrence which is separate from the injuries or damages of the subject occurrence, fully disclose all information relating to such injuries or illnesses including but not limited to where you were injured, in general how you were injured, the names and addresses of all health care providers who provided care, a general description of the illness or injuries suffered, and the inclusive dates you were ill or injured.

**ANSWER:**

13.  If you have ever made a claim or filed a lawsuit for injury or damages other than the complaint in this case, fully disclose all information regarding these lawsuits or claims including but not limited to the date(s) each incident which led to  injury or damage occurred, the nature of the injury or damage, a brief description of how the injury or damage was incurred, the names and addresses of the parties against whom each claim or lawsuit was made, the date the claim was made or lawsuit filed, and in the case of a lawsuit, the court in which it was filed, the year filed, and the title and docket number of each such suit.

**ANSWER:**

14. If you have ever been convicted of or pled guilty to a crime, fully disclose all information related to the conviction or plea including, but not limited to, the date of the conviction or plea, the full description of the court, the case name and number, the precise charge, your plea, the name under which you were convicted, the dates of confinement or probation and whether the conviction has been or is being appealed and if so, the court to which appealed, the docket number and the result, if any. Also disclose as much of the above information as practical on any crime of which you have been charged that has not been resolved in the criminal justice system, including the charge and the expected date of trial.

**ANSWER:**

15. If you have any statements from any witness (including all parties), fully disclose all information regarding these statements including, but not limited to, the identity of each such witness, the date of said statement and whether such statement was written, stenographically recorded or electronically recorded.

**ANSWER:**

16. If any photographs, films, depictions, etc. were taken of the scene of the occurrence or of the persons or tangible objects involved, fully disclose all information regarding said photographs, films, depictions, etc. including but not limited to the date or dates on which such photographs, films, depictions, etc. were taken, the number or amount taken, the subjects of said documents, the identity of the person taking the films, photographs, etc., and the identity of the individual or entity who now has custody of these documents.

**ANSWER:**

17. Identify all persons not heretofore identified in answers to the foregoing interrogatories who have knowledge of discoverable matters (liability or damages) related to this lawsuit.

**ANSWER:**

18.  Had you consumed any alcohol, medication or drugs within 24 hours of this occurrence?

**ANSWER:**

19.  If the answer to the preceding interrogatory is in the affirmative, fully disclose the circumstances surrounding the consumption, including, but not limited to the type(s) of alcohol, medication or drug consumed; when the consumption took place; and the amount or dosage of the alcohol, medication or drug consumed.

**ANSWER:**

_____
NEAL BAYAA

**VERIFICATION**

The undersigned, being first duly sworn on oath, has read the foregoing answers to interrogatories and certifies that the statements set forth in this instrument are true and correct, except as to matter therein stated to be on information and belief, and as to such matters, the undersigned certifies as aforesaid that she verily believes the same to be true.

_____
NEAL BAYAA

THE HUNT LAW GROUP, LLC
Attorneys for Defendants
225 W. Washington St.
Chicago, Illinois 60606
(312) 384-2300

30139

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

NEAL BAYAA                     )
                               )
    Plaintiff,         )
                               )          No.    08 CV 408
                               )
                               )          (Cook County Circuit
    v.                 )          Court Case 07 L 013613)
                               )
                               )
MARTEN TRANSPORT, LTD.,        )
and ANDY BENNETT,              )
                               )
    Defendants.        )

## REQUEST FOR PRODUCTION OF DOCUMENTS

To:   Mr. Stephen J. McMullen
     212 W. Washington, Suite 909
     Chicago, IL 60606

     You are hereby notified that, pursuant to Fed. R. Civ. P. 34, you are requested to produce on a date and at a time no later than thirty (30) days from the date of the filing of this Notice, at the office of THE HUNT LAW GROUP, LLC, 225 W. Washington St., Chicago, Illinois, attorneys for defendant, for inspection and copying the following documents together with any transcripts, reports, memoranda or recordings purporting to reflect, but not to evaluate the same.

     It is further requested that if any type of privilege is being asserted or if any records are being withheld for any reason, that the type of record withheld and the basis for the privilege be specifically stated in the response to this notice.

     If you are not in possession of the items requested, you are directed to disclose any information that you have which is calculated to lead to the discovery of the whereabouts of any of these items, specifying the location where the item may be found, the name(s) of the person having possession, and the relationship between any party and the possessor of the item.

## DOCUMENTS TO BE PRODUCED

a.    All documents containing statements, utterances or communication (whether written or oral, signed or unsigned, verbatim or narrative), of a party to any person other than that party's attorney or insurer regarding any fact or issue concerning liability or damages;

b.    All documents containing any statements, utterances or communication of any witness other than a party (whether written or oral, signed or unsigned, verbatim or narrative), regarding any fact or issue concerning liability or damages;

c.    A list of all persons or entities to whom each statement or memorialization of any statements, utterances or communication described in paragraphs a and b above were given and who transcribed any such statement;

d.    All curriculum vitae or list of credentials of all witnesses you plan to call at trial to offer opinion testimony pursuant to Federal Rule of Civil Procedure 26(a)(2).

e.    All codes, standards, rules, regulations, guidelines, or other similar documents, whether official or unofficial, which are germane to the occurrence(s), object(s) or parties of the lawsuit; including in this disclosure a reference to the specific section, subsection, paragraph, subparagraph or page of the disclosed documents;

f.    All documents regarding any comparison of the objects involved in the occurrence to any specifications of any kind; including, but not limited to, the source and type of the specifications used for the comparison, documents showing whether the object or objects involved in this occurrence deviated or varied in any way from the specifications used in the comparison, and any general or specific data or information obtained from the comparison;

g.    All text, treatises, articles or other reference source, which the answering party's opinion witness is relying upon, in whole or in part, specifically designating the section, paragraph or page in any of the disclosed documents, and identifying the specific witness relying upon the disclosed documents and the specific opinion to which the document(s) applies;

h.    All other documents of any kind which reflect or purport to reflect the expert opinions of any expert witnesses described in paragraph d above; including but not limited to all letters, notes, memoranda, records, recordings, tests or summaries;

i.    All documents evidencing the physical or mental condition of the plaintiff prior to the alleged occurrence, including injuries sustained in other occurrences;

j.  All documents evidencing the physical or mental condition of the plaintiff subsequent to the alleged occurrence, including injuries sustained in other occurrences;

k.  All documents made of any person, scene or tangible object involved in the occurrence;

l.  All documents related to bills and any other indicia of paid expenses as a result of the occurrences alleged;

m.  All documents relating to all unpaid bills (in whole or in part) and any other unpaid expenses as a result of the occurrences alleged;

n.  Copies of plaintiff's Internal Revenue Service tax returns for the years 2004 to 2007;

o.  Copies of all articles, treatises, books or other documents which will be used at any deposition or at the trial of this cause;

p.  All documents authored or generated by any named defendant or their employees or agents relating to the occurrence(s) or object(s) described in plaintiff's complaint;

q.  All documents authored or generated by the plaintiff, his/her/its agents (except counsel) or employer relating to the occurrence(s) or described in plaintiff's complaint;

This Notice assumes that the parties affected will ascertain and allocate amongst themselves the expenses involved in initially securing and reproducing the items to be produced. If such is not effectuated amicably, this Notice contemplates further proceedings.

Respectfully submitted,

THE HUNT LAW GROUP, LLC


By:_____
Ajay I. Patel

THE HUNT LAW GROUP, LLC
Attorneys for Defendants
225 W. Washington St., #1850
Chicago, Illinois 60606
(312) 384-2300

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NEAL BAYAA,                          )
                                     )
          Plaintiff,                 )
                                     )
VS.                                  )  NO.08 CV 408
                                     )
MARTEN TRANSPORT, LTD., and          )
ANDY BENNETT,                        )
                                     )
          Defendants.                )

### ANSWER TO INTERROGATORIES

TO:  The Hunt Law Group LLC
     225 W. Washington, 18th Floor
     Chicago, Illinois 60606


     Now comes the Plaintiff and in answer to Interrogatories
heretofore propounded by the Defendant, states as follows:


1.   Nael Bayaa
     10140 S. 86th Avenue
     Palo Heights, Illinois 60465

          Date of Birth: 3/10/75

2.   Andy Bennett-Defendant

     Patricia Bayaa
     6429 S. Knox
     Chicago, Illinois 60629


3.   City of Chicago-Ambulance Personnel.

4.   No.

5.   Good Mechanical condition.

6.   Clean driving record.

7.  See tax returns produced as part of 214 response.

8.  10140 S. 86th Avenue, Palos Hills, Illinois 60465

9.  Fractured C-7 (See attached medical sheet).

10. Lost income from selling cars.

11. Broken nose January 2007 in car crash.

12. No.

13. Mid 1990's lawsuit/soft tissue.

    1997 motorcycle accident/broken wrist.
14. No.

15. No.

16. No.

17. No.

18. No.

19. No.

**MEDICAL SHEET**
**NAEL BAYAA**

| | | |
|---|---|---|
| 11/30/07 | City of Chicago EMS<br>33589 Treasury Center<br>Chicago, Illinois | $357.00 |
| 11/30/07 | Little Company of Mary Hospital<br>2800 W. 95th Street<br>Evergreen Park, Illinois 60805 | $5,372.63 |
| 11/30/07 | Evergreen Emergency Services, Ltd.<br>PO Box 428080<br>Evergreen Park, Illinois 60805 | $543.00 |
| 11/30/07 | Radiology Imaging Specialists, Ltd.<br>PO Box 70<br>Hinsdale, Illinois 60522 | $565.00 |
| 12/6/07<br>&<br>12/20/07 | Abdul Amine<br>6815 W. 95th Street<br>Oak Lawn, Illinois 60453 | $365.00 |
| 12/24/07<br>&<br>1/16/08 | Pain Treatment Centers of Illinois<br>16514 S. 106th Court<br>Orland Park, Illinois 60467 | $220.00 |
| 12/24/07 | Dental Presitge<br>5501 W. 79th Street, Suite 201<br>Burbank, Illinois | $60.00 |
| | Fitzsimmons Surgical Supply Inc.<br>2747 W. 95th Street<br>Evergreen Park, Illinois 60805 | $37.71 |
| | Prescriptions | $70.98 |

12/11/07                Chicago Ridge Radiology
                        9830 S. Ridgeland Avenue
                        Chicago Ridge, Illinois 60415      $1,190.00

NAEL BAYAA



SUBSCRIBED and SWORN to

before me this _____ day

of _____ 2008.

_____
Notary Public

# EXHIBIT C

# The Hunt Law Group, LLC

**225 W. Washington Street**
**18th Floor**
**Chicago, IL 60606**
312.384.2300 (Main)
312.443.9391 (Fax)
Direct Dial: 312.384.2308


February 29, 2008


Mr. Stephen J. McMullen
212 W. Washington, Suite 909
Chicago, IL 60606

     Re:    <u>Bayaa v. Marten Transport, Ltd.</u>
             Our File No.:  30139

Dear Mr. McMullen:

Thank you for providing us with the plaintiff's answers to interrogatories.  However, there are some deficiencies with the answers which must be addressed.  First, the answers are improper insofar as they are not provided in a question followed by an answer format as required by the Federal Rules of Civil Procedure.  Second, the plaintiff's answer to interrogatory 10 is incomplete insofar as the answer does not name the plaintiff's employer and does not denominate the amount of the lost income claim and, if it is continuing, the rate at which it is continuing.  Third, the plaintiff's answer to interrogatory is incomplete insofar as it does not contain a complete list of the plaintiff's employers as requested by the interrogatory.  Lastly, although the plaintiff has provided his notarized signature at the end of the document, the plaintiff must provide a signed verification of the answers, which is not now included.  For your convenience, I have provided a draft of the defendant's interrogatories followed by the answers which you have provided and a verification for your client's execution. Of course, we will also need complete answers to interrogatories 7 and 10, as outlined above, that is verified by the plaintiff.  Please have your client execute and return the complete interrogatory answers and a verified response to interrogatories 7 and 10 at your earliest convenience.

In addition, the plaintiff's answer to interrogatory number 7 references a Rule 214 response.  However, we have yet to receive the plaintiff's response to the defendant's notice to produce.  Also, we have yet to receive the executed tax release authorization which was forwarded to you on January 25, 2008.  Please provide us with the plaintiff's response to the notice to produce and the completed tax release authorization at your earliest convenience.

This correspondence is sent pursuant to Rules 26(d), (e) & (f) and 30 of the Federal Rules of Civil Procedure. Should you have any questions or concerns regarding the foregoing, please do not hesitate to contact me.

Very truly yours,

The Hunt Law Group, LLC


By: Ajay I. Patel

Aip/enclosure

# EXHIBIT D

# THE HUNT LAW GROUP, LLC

225 W. Washington Street, 18th Floor
Chicago, Illinois 60606
312.384.2300 (Main)
312.443.9391 (Fax)

Ajay I. Patel
apatel@hunt-lawgroup.com

Direct Dial:
312.384.2308

March 11, 2008

Mr. Stephen J. McMullen
212 W. Washington, Suite 909
Chicago, IL 60606

Re:  Bayaa v. Marten Transport, Ltd.
      Our File No.:  30139

Dear Mr. McMullen:

This correspondence will confirm our telephone conversation on March 6, 2008, during which you indicated you would provide us with the written discovery supplementation which we requested in correspondence dated February 29, 2008 by March 20, 2008.

This correspondence is sent pursuant to Rules 26(d), (e) & (f) and 30 of the Federal Rules of Civil Procedure.  Should you have any questions or concerns regarding the foregoing, please do not hesitate to contact me.

Very truly yours,

The Hunt Law Group, LLC

By:  Ajay I. Patel

Aip

# EXHIBIT E

# THE HUNT LAW GROUP, LLC

225 W. Washington Street, 18th Floor
Chicago, Illinois 60606
312.384.2300 (Main)
312.443.9391 (Fax)

Ajay I. Patel
apatel@hunt-lawgroup.com

Direct Dial:
312.384.2308

May 1, 2008

Mr. Stephen J. McMullen
212 W. Washington, Suite 909
Chicago, IL 60606

     Re:   Bayaa v. Marten Transport, Ltd.
             Our File No.:  30139

Dear Mr. McMullen:

This correspondence will confirm the telephone message which I left for you on May 1, 2008 in which I indicated that we would like to set a firm date for the plaintiff's deposition on June 3, 4, 5, or 6.  Please advise as to which of these dates is most convenient for your client so that we may schedule his deposition.

In addition, despite your assurances that we would receive the plaintiff's written discovery compliance which we have requested and the executed health record release authorizations which we previously forwarded first by April 28, 2008 at the latest, we have yet to receive those documents.  Please provide these documents as soon as possible.

This correspondence is sent pursuant to Federal Rule of Civil Procedure Rules 26(d), (e) & (f) and 30.  Should you have any questions or concerns regarding the foregoing, please do not hesitate to contact me.

                 Very truly yours,

                 The Hunt Law Group, LLC

                 By:  Ajay I. Patel

Aip/

# EXHIBIT F

# THE HUNT LAW GROUP, LLC

225 W. Washington Street, 18th Floor
Chicago, Illinois 60606
312.384.2300 (Main)
312.443.9391 (Fax)

Ajay I. Patel
apatel@hunt-lawgroup.com

Direct Dial:
312.384.2308

May 9, 2008

Mr. Stephen J. McMullen
212 W. Washington, Suite 909
Chicago, IL 60606

Re:     Bayaa v. Marten Transport, Ltd.
        Our File No.:   30139

Dear Mr. McMullen:

This correspondence will confirm the telephone message which I left for you on May 9, 2008 in which I again requested the outstanding written discovery owed by the plaintiff, including interrogatory answers, responses to production request, health record release authorizations and tax release authorizations.  In addition, I again requested that we schedule firm dates for the deposition of the plaintiff and Dr. Amine.  Please provide the requested documents as soon as possible and contact me regarding the scheduling of the plaintiff's deposition and Dr. Amine's deposition.

This correspondence is sent pursuant to Federal Rule of Civil Procedure Rules 26(d), (e) & (f) and 30.  Should you have any questions or concerns regarding the foregoing, please do not hesitate to contact me.

Very truly yours,

The Hunt Law Group, LLC

By:  Ajay I. Patel

Aip/