30139

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| NEAL BAYAA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.    08 CV 408 |
| | ) | |
| | ) | Judge Shadur |
| v. | ) | |
| | ) | Magistrate Judge Valdez |
| | ) | |
| MARTEN TRANSPORT, LTD., | ) | |
| and ANDY BENNETT, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO COMPEL TAX RELEASE AND
## MEDICAL RECORD RELEASE AUTHORIZATIONS

The defendants, by their attorneys, THE HUNT LAW GROUP, LLC, hereby moves this Honorable Court to compel the Plaintiff, NEAL BAYAA, to answer the outstanding written discovery within fourteen (14) days.  In support of this motion, Defendant states as follows:

1.      The plaintiff in this case alleges injuries as a result of an automobile accident occurring on November 30, 2006 between a vehicle operated by defendant Andy Bennett and a vehicle in which the plaintiff was a passenger.

2.      As part of his claim for damages, the plaintiff is claiming a loss of wages.

3.      On January 25, 2008, defendants' counsel sent correspondence to plaintiff's counsel enclosing a tax release authorization to be executed by the plaintiff.  (A copy of the January 25, 2008 correspondence is attached hereto as Exhibit A.)

4.      On the afternoon of March 6, 2008, defendants' counsel held a telephone conference with plaintiff's counsel, pursuant to Local Rule 37.2, to discuss discovery

compliance – including the production of an executed tax release authorization.  During that conversation, defendants' counsel spoke with plaintiff's counsel regarding the tax release authorizations and agreed to allow another fourteen (14) days to March 20, 2008 for plaintiff to provide the executed tax release authorizations.  On March 11, 2008, defendants sent a letter confirming the same to plaintiff's counsel. (A copy of the letter is attached hereto as Exhibit B.)

5.      The plaintiff failed to provide the executed tax release authorization by March 20, 2008 as had been agreed upon by the parties.

6.      On March 27, 2008, defendants' counsel sent plaintiff's counsel a HIPAA Privacy Authorization to be executed by the plaintiff – which the Pain Treatment Center of Illinois indicated was necessary before it would release any medical records regarding the plaintiff.  (A copy of the March 27, 2008 correspondence enclosing the authorization is attached hereto as Exhibit C.)

7.      On March 31, 2008, defendants' counsel sent plaintiff's counsel an Authorization for Release of Information of Ambulance Charges to be executed by the plaintiff – which the City of Chicago indicated was necessary before it would release any medical records regarding the plaintiff.  (The City of Chicago indicated that only the attached authorization would be accepted).  (A copy of the correspondence from the City of Chicago and the specific authorization along with the March 31, 2008 correspondence to the plaintiff's attorney enclosing the authorization is attached hereto as Exhibit D.)

8.      On the morning of April 23, 2008, defendants' counsel attempted to have another telephone consultation with plaintiff's counsel regarding outstanding written discovery – including the outstanding tax release and health record release authorizations – pursuant to

2

Local Rule 37.2 but was unsuccessful. Defendants' counsel left a telephone message with plaintiff's counsel at that time requesting that the plaintiff provide the executed authorizations and that plaintiff's counsel call back defendant's counsel to resolve the dispute.

9.      On April 25, 2008, plaintiff's counsel communicated with defendants' counsel via telephone voicemail assuring defendant's counsel that plaintiff would provide the executed authorizations on or before April 28, 2008.

10.      The plaintiff failed to provide defendant with the executed authorizations on or before April 28, 2008.

11.      On the morning of May 1, 2008, defendants' counsel again attempted to conduct a telephone consultation with plaintiff's counsel regarding outstanding written discovery – including the outstanding tax release and health record release authorizations – pursuant to Local Rule 37.2 but was unsuccessful. At that time, defendants' counsel left a telephone message with plaintiff's attorney requesting that the plaintiff provide the executed authorizations as previously agreed upon and requesting that plaintiff's counsel call back defendant's counsel to resolve the dispute. Defendants' counsel sent correspondence to plaintiff's counsel confirming the attempted consultation on May 1, 2008. (A copy of the correspondence is attached hereto as Exhibit E.)

12.      Plaintiff's counsel failed to respond to the May 1, 2008 voicemail message or confirming correspondence.

13.      On the morning of May 9, 2008, defendants' counsel again attempted to conduct a telephone consultation with plaintiff's counsel regarding outstanding written discovery – including the outstanding tax release and health record release authorizations – pursuant to Local Rule 37.2 but was unsuccessful. At that time, defendants' counsel left a

telephone message with plaintiff's attorney requesting that the plaintiff provide the executed authorizations as previously agreed upon and requesting that plaintiff's counsel call back defendant's counsel to resolve the dispute. Defendants' counsel sent correspondence to plaintiff's counsel confirming the attempted consultation on May 9, 2008. (A copy of the correspondence is attached hereto as Exhibit F.)

14.    On May 16, 2008, plaintiff's counsel sent defendant's counsel executed HIPAA authorizations. However, the HIPAA authorization was incomplete insofar as it did not contain the plaintiff's social security number. Moreover, plaintiff failed to provide the executed authorization for the release of records from the City of Chicago – which is the only authorization which the City of Chicago will accept. (The City of Chicago has indicated that it will not accept a HIPAA authorization.) Plaintiff also failed to provide the executed tax release authorization.

15.    When the plaintiff makes a claim for lost earnings, the defendant is absolutely entitled to obtain the plaintiff's tax returns. Hawkins v. Potter, 14 Ill.App.2d 314, 194 N.E.2d 672 (4th Dist. 1963); Hawkins v. Wiggins, 92 Ill.App.3d 278, 415 N.E.2d 1179 (2nd Dist. 1980).

16.    To date, the plaintiff has failed to provide an executed tax release authorization or an executed Authorization for Release of Information from the City of Chicago.

17.    After consultation by telephone on the afternoon of March 6, 2008 and good faith attempts to resolve differences, the parties are unable to reach an accord.

18.    Moreover, attempts by defendants' counsel to engage in further consultation on April 23, 2008, May 1, 2008 and May 9, 2008 by calling plaintiff's counsel via telephone, leaving telephone messages, and sending correspondence confirming the attempts at consultation were unsuccessful due to no fault of defendants' counsel.

WHEREFORE, the defendants request that this Honorable Court enter an order requiring the Plaintiff to provide an executed tax release authorization and an executed Authorization for Release of Information from the City of Chicago within fourteen (14) days or, in the alternative, to bar Plaintiff from presenting any evidence at trial of this matter, or for any such further or other relief that this Court deems just under the circumstances.

Respectfully submitted,

THE HUNT LAW GROUP, LLC

By:    /s/ Ajay I. Patel
      Ajay I. Patel
      ID Number 6287063

Brian J. Hunt (6208379)
Ajay I. Patel
THE HUNT LAW GROUP, LLC
Attorneys for Defendant
225 W. Washington, 18th Floor
Chicago, Illinois 60606
(312) 384-2300
(312) 443-9391 - fax

5

30139

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| NEAL BAYAA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No.     08 CV 408 |
| | ) | |
| | ) | Judge Shadur |
| v. | ) | |
| | ) | Magistrate Judge Valdez |
| | ) | |
| MARTEN TRANSPORT, LTD., | ) | |
| and ANDY BENNETT, | ) | |
| | ) | |
| Defendants. | ) | |

## EXHIBIT LIST

1.    Exhibit A – Correspondence from Defendants' Counsel dated January 25, 2008.

2.    Exhibit B – Correspondence from Defendants' Counsel dated March 11, 2008.

3.    Exhibit C – Correspondence from Defendants' Counsel dated March 27, 2008.

4.    Exhibit D – Correspondence from the City of Chicago and correspondence from
        Defendants' Counsel dated March 31, 2008.

5.    Exhibit E – Correspondence from Defendants' Counsel dated May 1, 2008.

6.    Exhibit F – Correspondence from Defendants' Counsel dated May 9, 2008.

# EXHIBIT A

# The Hunt Law Group, LLC

**225 W. Washington Street**
**18th Floor**
**Chicago, IL 60606**
312.384.2300 (Main)
312.443.9391 (Fax)
Direct Dial: 312.384.2308

January 25, 2008

Mr. Stephen J. McMullen
212 W. Washington, Suite 909
Chicago, IL 60606

   Re:  <u>Bayaa v. Marten Transport, Ltd.</u>
      Our File No.:  30139

Dear Mr. McMullen:

Enclosed you will find an income tax authorization for your client for the years 2002 through 2006. Please have your client fill in the address, social security number and other requested information in the spaces provided. Please return the signed authorization at your earliest convenience.

Additionally, please find a Notice of Deposition of Neal Bayaa, Interrogatories to Plaintiff, and Request for Production of Documents.

Should you have any questions regarding the foregoing, please do not hesitate to contact the undersigned.

        Very truly yours,

        The Hunt Law Group, LLC

        By:  Ajay I. Patel

/bmc
Enclosures

# EXHIBIT B

Case 1:08-cv-00408 Document 26 Filed 05/20/2008 Page 9 of 20

# THE HUNT LAW GROUP, LLC

225 W. Washington Street, 18ᵗʰ Floor
Chicago, Illinois 60606
312.384.2300 (Main)
312.443.9391 (Fax)

Ajay I. Patel                                                                          Direct Dial:
apatel@hunt-lawgroup.com                                                               312.384.2308


March 11, 2008


Mr. Stephen J. McMullen
212 W. Washington, Suite 909
Chicago, IL 60606

        Re:    Bayaa v. Marten Transport, Ltd.
               Our File No.:  30139

Dear Mr. McMullen:

This correspondence will confirm our telephone conversation on March 6, 2008, during which
you indicated you would provide us with the written discovery supplementation which we
requested in correspondence dated February 29, 2008 by March 20, 2008.

This correspondence is sent pursuant to Rules 26(d), (e) & (f) and 30 of the Federal Rules of
Civil Procedure.  Should you have any questions or concerns regarding the foregoing, please do
not hesitate to contact me.


                                        Very truly yours,

                                        The Hunt Law Group, LLC


                                        By:  Ajay I. Patel

Aip

# EXHIBIT C

# THE HUNT LAW GROUP, LLC
225 W. Washington Street, 18ᵗʰ Floor
Chicago, Illinois 60606
312.384.2300 (Main)
312.443.9391 (Fax)

Ajay I. Patel                                                    Direct Dial:
apatel@hunt-lawgroup.com                                        312.384.2308

March 27, 2008

Mr. Stephen J. McMullen
212 W. Washington, Suite 909
Chicago, IL 60606

     Re:   <u>Bayaa v. Marten Transport, Ltd.</u>
           Our File No.:  30139

Dear Mr. McMullen:

Enclosed you will find a HIPAA Privacy Authorization which Pain Treatment Center of Illinois has indicated it requires before releasing the plaintiff's medical records. Please have the plaintiff execute this authorization and return it to our offices within the next (7) days so that we may comply with the discovery deadlines set by the Court for this matter.

Should you have any questions or concerns regarding the foregoing, please do not hesitate to contact me.

                               Very truly yours,

                               The Hunt Law Group, LLC

                               By:  Ajay I. Patel

Aip/enclosure

# EXHIBIT D



# CITY OF CHICAGO
## DEPARTMENT OF REVENUE-EMS
121 N. LaSalle St. Room 107A
Chicago, IL 60602-1288
(312) 744 - 7065

*For Future Reference*

Dear Counselor:

The City of Chicago has a standard policy for handling Protected Health Information (PHI). This policy is in accordance with the regulations established by the Health Insurance Portability and Accountability Act. To obtain a copy of your client's invoice for ambulance charges please follow these instructions.

- The CITY OF CHICAGO AUTHORIZATION FOR RELEASE OF INFORMATION OF AMBULANCE CHARGES form should be completed. Your request will be delayed if another form is used or the City's form is altered.

- The information you provide on the authorization form must be accurate. Any request with inaccurate and/or incomplete information will be returned as an incomplete authorization.

- Mail the completed form, which includes the original notarized signature of your client or the original notarized signature of the person who has power of attorney for your client to the address listed at the top of the form. **We cannot accept a faxed request neither can we fax an invoice.**

- Include a self address envelope with your request.

**The Department of Revenue does not release the medical records.** To obtain a copy of the medical records (Ambulance Call Report), you must contact the Fire Department, Records Division, 10 West 35th Street room 1350, Chicago, IL. 60616 (312) 745-4222.

If your client has moved since the date of incident, you must provide us with a current address and phone number for your client before the invoice can be released.

- If the patient is a recipient of Medicaid through the Department of Public Aid, you must attach a copy of the Authorization to Release Information form from the Department of Public Aid.

*Your request must be notarized.*

# CITY OF CHICAGO
## DEPARTMENT OF REVENUE-EMS
121 N. LaSalle Street, Room 107A
Chicago, IL. 60602-1288
(312) 742-7065

# AUTHORIZATION FOR RELEASE OF INFORMATION OF AMBULANCE CHARGES

For the Use and Disclosure of Protected Health Information

**PLEASE PRINT**
Patient's Information:

_____

**Name**

_____    **Apt. No.**
**Current Address**

_____    **State**    **Zip Code**
**City**

_____/_____/_____    _____-_____-_____    _____/____/__
Date of Birth    Social Security Number    Date of Service

_____    **Name of Hospital**    **Ambulance Number**
Location of Incident

By signing this Authorization Form, I understand that I am giving my authorization to the City of Chicago, Department of Revenue- EMS to use and/or disclose my protected health information (PHI). I specifically authorize the use and disclosure of PHI pertaining to an <u>invoice for Ambulance transport</u> to the following attorney:

Name of Attorney:    _____

Street Address:    _____

City, State and zip code:    _____

Telephone number:    _____

This authorization shall expire on the 180 th day of signing or as otherwise specified below:

_____

I may revoke this authorization at any time by notifying the City of Chicago in writing. However, I understand that such a revocation will not have any effect on any information already used or disclosed by the City of Chicago before the City received the written notice of revocation.

I understand that there is a potential that the information disclosed pursuant to this authorization may be subject to re-disclosure by the recipient and will no longer be protected by the **Health Insurance Portability and Accountability Act.**

I understand that the City of Chicago, Department of Revenue may not condition treatment, payment, enrollment or eligibility for benefits on whether I sign the authorization. This authorization is voluntary and I may refuse to sign this form, but in doing so, information will not be released to the above stated attorney.

I understand that I have the right to be provided with a copy of this signed authorization form.

Subscribed and Sworn
This _____ day, of
_____, 200__.

_____    _____
Patient's Signature (Legal Guardian)    Relationship to the Patient

_____    _____
Notary Seal    Print Name    Date

(APPROVED BY CITY OF CHICAGO DO NOT ALTER.)    DOR: Rev: 01/2006

# THE HUNT LAW GROUP, LLC
225 W. Washington Street, 18th Floor
Chicago, Illinois 60606
312.384.2300 (Main)
312.443.9391 (Fax)

Ajay I. Patel                                                   Direct Dial:
apatel@hunt-lawgroup.com                                        312.384.2308


March 31, 2008


Mr. Stephen J. McMullen
212 W. Washington, Suite 909
Chicago, IL 60606

        Re:    Bayaa v. Marten Transport, Ltd.
               Our File No.:  30139

Dear Mr. McMullen:

Enclosed you will find an Authorization for Release of Information of Ambulance Charges
which we received from the City of Chicago in response to our subpoena for the plaintiff's
medical records.  As you can see, the City of Chicago requires that the plaintiff complete a
notarized Authorization before it will release its records.  As such, please have the plaintiff
complete and notarize this Authorization and return it to our offices within the next (7) days so
that we may comply with the discovery deadlines set by the Court for this matter.

Should you have any questions or concerns regarding the foregoing, please do not hesitate to
contact me.



                        Very truly yours,

                        The Hunt Law Group, LLC



                        By:  Ajay I. Patel


Aip/enclosure

# EXHIBIT E

# THE HUNT LAW GROUP, LLC
225 W. Washington Street, 18ᵗʰ Floor
Chicago, Illinois 60606
312.384.2300 (Main)
312.443.9391 (Fax)

Ajay I. Patel
apatel@hunt-lawgroup.com

Direct Dial:
312.384.2308

May 1, 2008

Mr. Stephen J. McMullen
212 W. Washington, Suite 909
Chicago, IL 60606

   Re: Bayaa v. Marten Transport, Ltd.
      Our File No.:  30139

Dear Mr. McMullen:

This correspondence will confirm the telephone message which I left for you on May 1, 2008 in which I indicated that we would like to set a firm date for the plaintiff's deposition on June 3, 4, 5, or 6.  Please advise as to which of these dates is most convenient for your client so that we may schedule his deposition.

In addition, despite your assurances that we would receive the plaintiff's written discovery compliance which we have requested and the executed health record release authorizations which we previously forwarded first by April 28, 2008 at the latest, we have yet to receive those documents.  Please provide these documents as soon as possible.

This correspondence is sent pursuant to Federal Rule of Civil Procedure Rules 26(d), (e) & (f) and 30.  Should you have any questions or concerns regarding the foregoing, please do not hesitate to contact me.

      Very truly yours,

      The Hunt Law Group, LLC

      By:  Ajay I. Patel

Aip/

# EXHIBIT F

# THE HUNT LAW GROUP, LLC
225 W. Washington Street, 18ᵗʰ Floor
Chicago, Illinois 60606
312.384.2300 (Main)
312.443.9391 (Fax)

Ajay I. Patel
apatel@hunt-lawgroup.com

Direct Dial:
312.384.2308

May 9, 2008

Mr. Stephen J. McMullen
212 W. Washington, Suite 909
Chicago, IL 60606

Re:    Bayaa v. Marten Transport, Ltd.
       Our File No.:  30139

Dear Mr. McMullen:

This correspondence will confirm the telephone message which I left for you on May 9, 2008 in which I again requested the outstanding written discovery owed by the plaintiff, including interrogatory answers, responses to production request, health record release authorizations and tax release authorizations. In addition, I again requested that we schedule firm dates for the deposition of the plaintiff and Dr. Amine. Please provide the requested documents as soon as possible and contact me regarding the scheduling of the plaintiff's deposition and Dr. Amine's deposition.

This correspondence is sent pursuant to Federal Rule of Civil Procedure Rules 26(d), (e) & (f) and 30. Should you have any questions or concerns regarding the foregoing, please do not hesitate to contact me.

Very truly yours,

The Hunt Law Group, LLC

By:  Ajay I. Patel

Aip/